Stephanie R. Tatar (237792)
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Tel: (323) 744-1146
Fax: (888) 778-5695
E-mail: stephanie@thetatarlawfirm.com

Attorney for Plaintiffs,
Nicholas Der-Hacopian, on behalf of
Himself and all others similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **NICHOLAS DER-HACOPIAN,** **On behalf of himself and all others similarly situated,** Plaintiff, v. **DARKTRACE, INC.,** Defendant. | Case No. 3:18-cv-6726 **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, NICHOLAS DER-HACOPIAN, by and through his attorneys, TATAR LAW FIRM, APC, suing on behalf of himself and all other similarly situated, and for his complaint against the Defendant, DARKTRACE, INC., Plaintiff states as follows:

1
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## I. PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). Plaintiff brings this action on behalf of applicants for employment with Defendant. Plaintiff contends that Defendant systematically violates at least two sections of the FCRA: section 1681b(b)(2), by improperly including a release of future liability in the form document it requires employment applicants to sign authorizing a background check; and, section 1681b(b)(3), by using a consumer report to make an adverse employment decision without providing the person who is the subject of the report a copy of the report and a summary of rights under the FCRA a sufficient amount of time before the adverse action is taken

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users" of "consumer reports" such as Defendant. This action involves Defendant's systematic violation of several of those important rules.

## II. JURISDICTION & VENUE

3. Jurisdiction arises under the FCRA 15 U.S.C. §1681 et seq. and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

5. NICHOLAS DER-HACOPIAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ashburn, County of Loudoun, State of Virginia.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

7. DARKTRACE, INC., is a business entity headquartered in San Francisco, California. Defendant's principal place of business is located San Francisco, California. Defendant is incorporated in the State of California.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. FACTUAL ALLEGATIONS

9. In April 2012, Plaintiff was arrested and charged with shoplifting. Plaintiff successfully completed the Pretrial Intervention Program and the charges filed against him were *nolle prossed* on July 24, 2012.

10. By Order of the Horry County Court, dated September 17, 2012, all records relating to the arrest and subsequent discharge were ordered to be expunged and immediately destroyed and no evidence of the records pertaining to the charge were to be retained by any municipal, county or state agency.

11. Since the implementation of the expungement, Plaintiff has had a clear criminal record.

12. In July 2018, Plaintiff applied to Defendant for a position of employment.

13. As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living

are reviewed and used to determine, together with other factors, whether to hire an applicant.

14.  On or about July 11, 2018, Defendant advised Plaintiff it would be performing a background check on Plaintiff.

15.  In connection with his application, Plaintiff agreed to Defendant's requirement that he authorize Defendant and a consumer reporting agency of its choice to perform a background check on Plaintiff; Plaintiff signed a document titled "Employee Authorization to Release Records." A redacted copy of the Authorization is attached hereto as **Exhibit A**.

16.  The Authorization stated in pertinent part as follows:

> "The company has my authorization to thoroughly investigate my work and personal history...***I will hold no person liable for giving or receiving information in this investigation***.  I hereby authorize SentryLink LLC, an agent of Darktrace Inc to make a thorough check of my past Employment, Education, and activities.  ***I release from liability all persons, companies, and corporations supplying that information.  I release and indemnify Darktrace Inc and SentryLink LLC against any liability that might result from making such background checks***."

(Emphasis added).  See **Exhibit A**.

17.  The Authorization that Defendant provided to Plaintiff violated section 1681b(b)(2) of the FCRA because it did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i); *Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017) .  Instead, Defendant unlawfully attempted to obtain in advance a waiver and release of Plaintiff's and other consumers' rights under the FCRA and improperly provide prophylactic protection to Defendant and SentryLink from any improper actions or omissions committed in providing the background report to the employer.  See **Exhibit A**.

18. On or about July 16, 2018, in conducting a background check of Plaintiff, Defendant obtained from SENTRYLINK, LLC, a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

19. Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the position applied for, and to assist in determining whether to hire Plaintiff for a position of employment.

20. The consumer report was prepared by SentryLink and sold to Defendant for employment purposes.

21. The consumer report improperly and inaccurately reported the April 2012 arrest that had been expunged in September 2012, almost six (6) years earlier.

22. After receiving and reviewing the consumer report obtained from SentryLink, LLC, regarding Plaintiff, Defendant denied Plaintiff the employment opportunity based in whole or in part on the aforesaid consumer report.

23. Section 1681b(b)(3) of the FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. 1681b(b)(3)(A)(i), (ii).

24. In connection with Plaintiff's application for employment, Defendant was "a person intending to take" adverse action, and did take adverse action, within the meaning of the statute.

25. Defendant did not provide to Plaintiff a copy of the consumer report or a written statement of his rights under the FCRA prior to taking adverse action against him.

26. Even after Plaintiff later obtained a copy of the inaccurate background report, and informed Defendant that the charges had been removed from the public record, Defendant did not change its decision to deny him employment.

27. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment against whom adverse action was taken.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

29. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein. Defendant knowingly carries out business practices of (a) not providing a clear and conspicuous written disclosure, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and, (b) failing to provide employment applicants with a copy of background reports and written summaries of FCRA rights. There is no reading or interpretation of sections 1681b(b)(2) and 1681b(b)(3)(A) of the FCRA, or any provision for that matter, which would justify, sanction, excuse or condone such practices.

30. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

31. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

32. On or before July 27, 2018, Defendant made a determination not to hire Plaintiff.

33. On or about July 27, 2018, Defendant sent Plaintiff correspondence informing him that he had been denied a position of employment with Defendant based on information it had received from SentryLink, LLC.

34. Defendant's conduct was consistent with its standard policies and procedures for using consumer reports to evaluate candidates for hiring, retention, and or promotion.

35. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

36. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from Defendant's review of his personal information and an injury to his reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. CLASS ALLEGATIONS

37. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Plaintiff brings this action individually and as a class action for Defendant's violations of sections 1681b(b)(2) and 1681b(b)(3)(A) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

> (a) All natural persons residing within the United States and its Territories regarding whom, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, the Defendant procured or caused to be procured a consumer report for employment purposes using a written disclosure containing

        language substantially similar in form to the Employee Authorization to Release Records form provided to Plaintiff, described above and attached hereto as **Exhibit A**.

    (b)    All natural persons residing in the United States who (i) within two (2) years prior to the filing of the Complaint, (ii) applied for employment with Defendant, (iii) were the subject of a consumer report used by Defendant for employment purposes, (iv) were the subject of an adverse employment action by Defendant, and (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

39. The Classes are each so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds if not thousands. Defendant has 33 offices globally (https://www.darktrace.com/overview/) and utilizes common practices and procedures for screening job applicants.

40. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendant willfully violated section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, and whether Defendant, by employing a policy and practice of failing to provide job applicants with pre-adverse action notices, willfully and negligently violated section 1681b(b)(3).

41. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

42. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

43. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.   CAUSES OF ACTION
### COUNT ONE – FCRA § 1681b(b)(2)

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. The background or consumer reports that Defendant procures or causes to be procured regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

47. The FCRA provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any

consumer, unless (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

48. Defendant is a "person" that regularly procures or causes consumer reports to be procured for employment purposes.

49. As such, the FCRA requires Defendant to clearly and conspicuously disclose to the consumer in writing, in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.  15 U.S.C. § 1681b(b)(2)(A)(i).

50. Defendant willfully violated section 1681b(b)(2) of the FCRA by failing to provide to the consumer a disclosure that consists solely of the required disclosure because it instead included in the form Authorization a requirement that the consumer release Defendant and the consumer reporting agency of its choice from any liability resulting from providing background information concerning the consumer.

51. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating FCRA section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

### COUNT TWO – FCRA § 1681b(b)(3)

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53. The background or consumer reports that Defendant purchases regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

54. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

55. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

56. Defendant is a "person" that regularly uses consumer reports for employment purposes.

57. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

58. Defendant willfully violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

## V.   JURY DEMAND

59. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against the Defendant as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for statutory damages in

the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d) That the Court award costs and reasonable attorney's fees; and

(e) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

By: */s/ Stephanie R. Tatar*
One of Plaintiff's Attorneys

Stephanie R. Tatar (237792)
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Tel: (323) 744-1146
Fax: (888) 778-5695
stephanie@thetatarlawfirm.com

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# Employee Authorization to Release Records

I understand and agree that: The information supplied, was submitted by myself, and all information is true and correct, to the best of my knowledge. I understand that false or misleading information given will be considered as cause for possible dismissal. I also understand that I am to abide by all rules and regulations of the company. The company has my authorization to thoroughly investigate my work and personal history. I understand that the information supplied by me, regarding my: Employment History, Education (including an authorization to release transcripts), Credit History, Criminal History, Medical and Professional Licensing, Motor Vehicle Record(s), Residence History, and References, will be utilized as part of the processing procedures. A background check will be conducted to verify the veracity of the information submitted and will be utilized to develop information concerning my character, general reputation, personal characteristics, and mode of living. I will hold no person liable for giving or receiving information in this investigation.   I hereby authorize SentryLink LLC an agent of Darktrace Inc to make a thorough check of my past Employment, Education, and activities.
I release from liability all persons, companies, and corporations supplying that information.
I release and indemnify Darktrace Inc and SentryLink LLC against any liability that might result from making such background checks. A copy of this form is as valid as the original.

**EMPLOYEE**

| Last Name | First Name | Middle | Social Security Number | Date of Birth mm/dd |
|---|---|---|---|---|
| Der-Hacopian | Nicholas | A | [redacted] | [redacted] |

| Other Name(s) Maiden/Married | Driver's License Number | State |
|---|---|---|
|  | [redacted] | VA |

**RESIDENCES (Starting with current)**

| Street Address | City/State | Zip | How Long? |
|---|---|---|---|
| [redacted] | [redacted] |  | 1 yr |
| [redacted] | [redacted] |  | 10 yrs |

| PREVIOUS EMPLOYMENT | CITY/STATE/ZIP | PHONE # | POSITION | DATE OF EMP. |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

| SCHOOL(S) ATTENDED | NAME OF SCHOOL | CITY/STATE | DATES ATTENDED | YEAR GRADUATED |
|---|---|---|---|---|
| High School | [redacted] |  |  |  |
| College | [redacted] |  |  |  |
| Other |  |  |  |  |

The following information is used for identification and statistical purposes. It is not used in any manner considered discriminatory under EEOC guidelines.

| Date of Birth | Race | Sex | Telephone |
|---|---|---|---|
| [redacted] | White | M | [redacted] |

Signature: *Nich Der-Hacopian*  
Date Signed: 7.13.2018

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question *(U.S. Government Not a Party)*
4. Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent─Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1. Original Proceeding
2. Removed from State Court
3. Remanded from Appellate Court
4. Reinstated or Reopened
5. Transferred from Another District *(specify)*
6. Multidistrict Litigation–Transfer
8. Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   Yes   No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

**SAN FRANCISCO/OAKLAND**    **SAN JOSE**    **EUREKA-MCKINLEYVILLE**

**DATE**      **SIGNATURE OF ATTORNEY OF RECORD**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

   (1) <u>United States plaintiff</u>. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

   (2) <u>United States defendant</u>. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

   (3) <u>Federal question</u>. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

   (4) <u>Diversity of citizenship</u>. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

   (1) <u>Original Proceedings</u>. Cases originating in the United States district courts.

   (2) <u>Removed from State Court</u>. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

   (3) <u>Remanded from Appellate Court</u>. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

   (4) <u>Reinstated or Reopened</u>. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

   (5) <u>Transferred from Another District</u>. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

   (6) <u>Multidistrict Litigation Transfer</u>. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

   (8) <u>Multidistrict Litigation Direct File</u>. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

   Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** <u>Example</u>: U.S. Civil Statute: 47 USC § 553. <u>Brief Description</u>: Unauthorized reception of cable service.

VII. **Requested in Complaint.** <u>Class Action</u>. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

   <u>Demand</u>. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

   <u>Jury Demand</u>. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.