UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DER-HACOPIAN,<br>Plaintiff,<br>v.<br>DARKTRACE, INC.,<br>Defendant. | Case No. 18-cv-06726-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 47 |

Plaintiff Nicholas Der-Hacopian filed an unopposed motion for preliminary approval of class action settlement on January 31, 2020. *See* Dkt. No. 47. The Court held a hearing on the motion on February 13, 2020. *See* Dkt. No. 48. Having reviewed the parties' settlement agreement in detail, s*ee* Dkt. No. 47-1 ("SA"), the Court has concerns about the scope of the release of claims and seeks supplemental briefing from the parties.

**I.   BACKGROUND**

Plaintiff brought this consumer class action against Defendant Darktrace, Inc. alleging that Defendant violated the Fair Credit Reporting Action ("FCRA"), 15 U.S.C. §§ 1681 *et seq. See generally* Dkt. No. 23 ("FAC"). According to the complaint, Defendant requires consumer reports, known as background checks, to evaluate prospective employees as part of its employment application process. *See id.* at ¶ 13. In July 2018, Plaintiff applied for a job with Defendant. *See id.* at ¶ 12. At Defendant's request, Plaintiff agreed to Defendant's requirement that he authorize Defendant, and a consumer reporting agency of its choosing, to perform a background check on Plaintiff. *Id.* at ¶¶ 14–15, 22. Plaintiff signed a document titled "Employee Authorization to Release Records" (the "Authorization"). *Id.* at ¶¶ 15–16, & Ex. A. Plaintiff alleges that the background check contained erroneous information, and Defendant denied

Plaintiff employment based on the information in the report. *See id.* at ¶¶ 18–22, 32–33. As a result, Plaintiff contends that he suffered financial and reputational harm. *See id.* at ¶ 36.

According to Plaintiff, Defendant violated the FCRA with these background checks by (1) including a release of future liability in the Authorization that it required employment applicants to sign authorizing a background check; and (2) using the background check to make an adverse employment decision without timely providing the prospective employee with a copy of the report and a summary of his or her rights under the FCRA. *See id.* at ¶¶ 15–27, & Ex. A. Section 1681b(b)(2) requires consumer report authorizations to consist "solely of the disclosure that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i). And § 1681b(b)(3) requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA. *See* 15 U.S.C. § 1681b(b)(3)(A)(i), (ii). Based on those facts, the FAC asserted two causes of action under Sections 1681(b)(2) and (b)(3) of the FCRA. *See* FAC at ¶¶ 45–58.

## II. DISCUSSION

Despite these relatively narrow allegations, under the settlement agreement class members will release Defendant "from any and all claims the Class Member Releasing Parties have under 15 U.S.C. § 1681b(b)(2) and/or 15 U.S.C. §§ 1681b(b)(3)." *See* SA at § XII.A. Sections 1681b(b)(2) and 1681b(b)(3), however, contain additional requirements beyond those at issue in this case. As a result, the proposed release of claims will prevent class members from bringing an action against Defendant for conduct unrelated to the factual allegations in this case and based on facts that counsel may not have fully investigated or reviewed. This expansive release of claims appears in tension with Ninth Circuit law, which requires that "[a] settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but *only where the released claim is based on the identical factual predicate* as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quotations omitted) (emphasis

2

added).  As drafted, the release of claims is not so limited.

Accordingly, the Court's inclination is to deny preliminary approval on this basis. However, the parties may choose to narrow the scope of the release of claims to track the factual predicate in the complaint.  The parties are therefore **DIRECTED** to file a supplemental joint statement addressing the scope of the release and discussing how they would like to proceed.  To the extent the parties intend to revise the settlement agreement, they should attach the amended settlement agreement as an exhibit to the stipulation.  The parties shall file a joint statement of five pages or less, exclusive of any exhibits, by April 14, 2020.

**IT IS SO ORDERED.**

Dated: 3/31/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge