1

2

3

4

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

6

7

8

9

10

11

| | |
|---|---|
| **NICHOLAS DER-HACOPIAN,** **individually and on behalf of all** **others similarly situated,** <br>                **Plaintiff,** <br> v. <br> **DARKTRACE, INC.,** <br>                **Defendant.** | **CASE NO. 4:18-cv-06726-HSG** <br><br> **NOTE ON MOTION** <br><br> **HEARING SCHEDULED** <br> <u>**SEPTEMBER 10, 2020 at 2:00 P.M.**</u> |

12

13

14

15

16

<u>**PLAINTIFF'S MOTION FOR FINAL APPROVAL**</u>

<u>**OF CLASS ACTION SETTLEMENT**</u>

17

18

19

20

21

22

23

24

25

26

1

## **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ............................................................................................... iii

3  I.   INTRODUCTION ..................................................................................................... 1

4  II.   BACKGROUND ....................................................................................................... 2

5  III.   THE PROPOSED SETTLEMENT .......................................................................... 3

6       A.   Injunctive Relief .............................................................................................. 3

7       B.   Monetary Relief. .............................................................................................. 3

8       C.   Individual Settlement & Service Award for Plaintiff. ............................. 4

9       D.   Attorney's Fees & Costs. ................................................................................ 4

10      E.   *Cy Pres* Recipient ............................................................................................ 4

11      F.   Releases ............................................................................................................ 4

12  IV.   ARGUMENT ............................................................................................................ 5

13      A.   The Settlement Classes Should be Certified. ............................................. 6

14           1.   The Settlement Classes are Numerous. ............................................ 6

15           2.   Common Questions of Law and Fact Exist. ................................... 6

16           3.   Plaintiff's Claims are Typical of Those of the Settlement Classes............ 7

17           4.   Class Counsel and Plaintiff are adequate representatives. ......................... 7

18           5.   Common Questions of Law and Fact Predominate. ................................. 8

19      B.   The Settlement is Fair, Reasonable, and Adequate. ................................. 8

20           1.   The Strength of Plaintiff's case. ........................................................ 9

21           2.   The Risk, Expense, Complexity, and Likely Duration of Further
22                Litigation. ........................................................................................... 9

23           3.   The Risk of Maintaining Class Action Status through Trial. .................. 10

24           4.   The Amount Offered in Settlement. ............................................... 10

25           5.   The Extent of Discovery Completed and the Stage of
                Proceedings. ...................................................................................... 11

26           6.   The Presence of a Governmental Participant. ............................... 12

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT                    i
CASE NO. 4:18-CV-06726-HSG

FRANCIS MAILMAN SOUMILAS P.C.        SMITHMARCO, P.C.
1600 Market Street, Suite 2510       55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103     Chicago, IL 60603
Tel: 215.735.8600                    Tel: (312) 546-6539
www.consumerlawfirm.com              www.SmithMarco.com

       7.     The Reaction of Settlement Class Members. ........................................... 13

C.     Settlement Class Members Received the Best Notice Practicable. .................... 14

D.     Plaintiff's Request for Attorneys' Fees & Costs.................................................. 14

E.     Plaintiff's Request for Individual Settlement and Service Award Should
       be Granted. ........................................................................................................... 14

V.     CONCLUSION............................................................................................................ 15

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

ii

FRANCIS MAILMAN SOUMILAS P.C.    SMITHMARCO, P.C.
1600 Market Street, Suite 2510     55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103     Chicago, IL 60603
Tel: 215.735.8600          Tel: (312) 546-6539
www.consumerlawfirm.com       www.SmithMarco.com

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Agne v. Papa John's Int'l., Inc.*,
286 F.R.D. 559 (W.D. Wash. 2012) ...................................................................8

*Allen v. Bedolla*,
787 F.3d 1218 (9th Cir. 2015) ...........................................................................5

*Berger v. Home Depot USA, Inc.*,
741 F.3d 1061 (9th Cir. 2014) ...........................................................................8

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ..........................................................................5, 9

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013) .....................................................................................10

*Crosby v. Core-Mark Distributors, Inc.*,
No. 1:15-cv-04198-SCJ-JFK, ECF 47 (N.D. Ga. Apr. 16, 2018).........................11

*Giddiens v. Infinity Staffing Sols., Inc.*,
2:13-cv-07115-LDD, ECF 37 (E.D. Pa. Aug. 21, 2015) ....................................11

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1988) .....................................................................5, 6, 7

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ..............................................................................7

*Hansen v. Ticket Track, Inc.*
213 F.R.D. 412 (W.D. Wash. 2003) ....................................................................7

*Lerwill v. Inflight Motion Pictures, Inc.*,
582 F.2d 507 (9th Cir. 1978) ..............................................................................7

*Marshall v. Holiday Magic, Inc.*,
550 F.2d 1173 (9th Cir. 1977) ..........................................................................10

*McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and Trust*,
268 F.R.D. 670 (W.D. Wash. 2010) .....................................................................6

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) ............................................................................14

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

iii

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

*Officers for Justice v. Civil Service Comm'n of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ........................................................................10

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ..........................................................................5

*Parra v. Bashas', Inc.*,
   536 F.3d 975 (9th Cir. 2008) ..........................................................................6

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009) ..........................................................11, 13

*In re Processed Egg Products Antitrust Litigation*,
   284 F.R.D. 249 (E.D. Pa. 2012) ....................................................................13

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
   944 F.3d 1035 (9th Cir. 2019) ......................................................................14

*Safeco Insurance Co. of America v. Burr*,
   551 U.S. 47 (2007) ..........................................................................................9

*Shames v. Hertz Corp.*,
   2012 WL 5392159 (S.D. Cal. Nov 5, 2012) ...............................................11

*Tadepalli v. Uber Techs., Inc.*,
   2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ............................................13

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 131 S. Ct. 2541 (2011) .........................................................10

## STATUTES AND FEDERAL RULES

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 ....................................12, 13

   28 U.S.C. § 1715(b) .......................................................................................12

   28 U.S.C. § 1715(d) .................................................................................12, 13

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* ............................ *passim*

   15 U.S.C. § 1681b(b)(2) .........................................................................1, 3, 11

   15 U.S.C. § 1681b(b)(2)(A)(i) ...............................................................4, 5, 9

   15 U.S.C. § 1681b(b)(3) .........................................................................1, 3, 11

   15 U.S.C. § 1681b(b)(3)(A)(i) ...............................................................4, 5, 9

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

15 U.S.C. § 1681b(b)(3)(A)(ii) ...................................................................4, 5, 9

15 U.S.C. § 1681n(a)(1)(A) ...............................................................................11

Fed. R. Civ. P. 23 ....................................................................................5, 10, 14

Fed. R. Civ. P. 23(a) ....................................................................................5, 10

Fed. R. Civ. P. 23(a)(1) ......................................................................................6

Fed. R. Civ. P. 23(a)(2) ......................................................................................6

Fed. R. Civ. P. 23(a)(3) ......................................................................................7

Fed. R. Civ. P. 23(a)(4) ......................................................................................7

Fed. R. Civ. P. 23(b)(3) ......................................................................................8

Fed. R. Civ. P. 23(f) ..........................................................................................10

## OTHER AUTHORITIES

*Manual for Complex Litigation* (Fourth) § 21.61 (2015) ..............................5

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT                                         v
CASE NO. 4:18-CV-06726-HSG

FRANCIS MAILMAN SOUMILAS P.C.        SMITHMARCO, P.C.
1600 Market Street, Suite 2510       55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103     Chicago, IL 60603
Tel: 215.735.8600                    Tel: (312) 546-6539
www.consumerlawfirm.com              www.SmithMarco.com

# I.    **INTRODUCTION**

This class action lawsuit has been brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.  It involves an employer, the defendant, DarkTrace, Inc., ("DarkTrace" or "Defendant") that uses background checks (formally, "consumer reports" under the FCRA) to evaluate potential employees for employment with Defendant.

In this case, the plaintiff, Nicolas Der-Hacopian, ("Plaintiff"), brought this action on behalf of himself and a class of individuals similarly situated, alleging that the Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.,* by improperly including a release of future liability in the form document it required employment applicants to sign authorizing a background check, in violation of 15 U.S.C. §1681b(b)(2).  Furthermore, Mr. Der-Hacopian asserted that DarkTrace violated the FCRA by using a consumer report to make an adverse employment decision without providing the person who was the subject of the report a copy of the report and a summary of their rights under the FCRA within a sufficient amount of time before the adverse action was taken, in violation of 15 U.S.C. §1681b(b)(3).

Having negotiated a class-wide settlement, Plaintiff filed an Agreed Motion for Order Directing Notice to the Class; on April 17, 2020, this Court entered an Order granting preliminary approval, finding that the parties' settlement was fair, reasonable, and adequate, and finding that the prerequisites to a class action had been satisfied.  (Dkt. 54).  The Court's Order of April 17, 2020, further directed the parties to provide notice to the Class.

The Settlement Administrator, American Legal Claims Services ("ALCS") has successfully fulfilled its obligations to provide notice to the class and has provided direct notice to over 93% of Settlement Class Members.  The deadline of July 24, 2020 for Class Members to opt-out and/or object to the Class Settlement has now passed and zero Class Members have elected to opt-out or object, reaffirming the fair, reasonable and adequate nature of the parties' Class Settlement.

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1    Given that nothing has occurred since April 17, 2020 to disturb the Court's findings of that

2    date, and given the uniformly positive reaction of the Class Members, Plaintiff respectfully

3    requests that this Court enter an order granting final approval of the proposed Class Settlement of

4    this matter.

5                                        **II.    BACKGROUND**

6    This litigation commenced in 2018 with the filing of Plaintiff's Class Action Complaint,

7    which asserted that DarkTrace violated two key provisions of the FCRA that pertain to an

8    employer procuring from a consumer reporting agency a consumer report relative to a prospective

9    employee's background.[1]

10    Specifically, Plaintiff alleged that: (i) DarkTrace required him to sign an authorization for

11    the release of records, which did not consist solely of the disclosure that a consumer report may

12    be obtained for employment purposes but one that unlawfully attempted to obtain in advance a

13    waiver and release of Plaintiff's and other consumers' rights under the FCRA and improperly

14    attempted to provide prospective litigation protection to DarkTrace and SentyLink (the consumer

15    reporting agency from which DarkTrace procured its consumer reports); and (ii) DarkTrace failed

16    to provide Mr. Der-Hacopian with a copy of the report it had obtained and failed to provide him

17    with a summary of his rights under the FCRA within a sufficient amount of time before DarkTrace

18    took adverse action against him and denied his application of employment (based on inaccurate

19    and obsolete data contained in the consumer report it had obtained).

20    Through discovery, the parties identified 275 individuals that had applied for a position of

21    employment with DarkTrace from November 5, 2016 using a form document substantially similar

22    to the form signed by Mr. Der-Hacopian, which contained the extraneous information that sought

23    to provide a release of future liability for DarkTrace and SentryLink.

24    The class settlement in this matter was the result of contested litigation and protracted

25    _____

26    [1] A more detailed background and procedural history of this case is set forth in Plaintiff's Agreed Motion for Order Directing Notice to the Class. *See* Dkt. 47.

**FRANCIS MAILMAN SOUMILAS P.C.**        **SMITHMARCO, P.C.**
1600 Market Street, Suite 2510        55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103        Chicago, IL 60603
Tel: 215.735.8600        Tel: (312) 546-6539
www.consumerlawfirm.com        www.SmithMarco.com

settlement negotiations.  To facilitate a settlement, the parties retained a well-respected JAMS mediator, Michael Loeb; the mediation proceeded on April 24, 2019, and despite a full day of mediation, the parties left at an impasse.  Nevertheless, continued efforts over the next couple of months ultimately resulted in a class wide settlement, which was reached on June 20, 2019 and memorialized shortly thereafter.

### III.    THE PROPOSED SETTLEMENT

As noted above, after the conclusion of private mediation, the parties ultimately negotiated a class wide settlement resulting in a substantial monetary benefit to the Class and an agreement by DarkTrace to institute practice changes moving forward, to the benefit of all individuals that apply for a position of employment with DarkTrace in the future.

**A.  Injunctive Relief.**

The Class Settlement provides for substantial injunctive relief such that Defendant has agreed to comply with the disclosure, authorization, and notice practices relating to obtaining consumer reports and the provision of consumer reports and summaries of rights referenced in sections 1681b(b)(2) and 1681b(b)(3) of the FCRA, including utilizing an FCRA compliant disclosure and authorization form when appropriate.  This ensures that Defendant will follow the mandate of the FCRA when procuring and using consumer reports for employment purposes, which benefits all future applicants for employment with Defendant.

**B.  Monetary Relief.**

Recovery in FCRA class actions generally falls anywhere within the $100 - $1,000 statutory range, but sometimes falls below $100 in class settlements.  In the present matter, however, Class Counsel successfully negotiated for a class settlement that resulted in an agreed upon $300 payment to each class member, and without the need to file a claim.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

3

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

**C. Individual Settlement & Service Award for Plaintiff.**

The Settlement Agreement provides that Plaintiff may apply for an individual settlement and service award of $15,000.00 for serving as the Class Representative, and in exchange for the full, general release he is providing, which is considerably broader than the class release.

**D. Attorney's Fees & Costs.**

The Settlement Agreement provides that Class Counsel may apply for an award of $150,000 in attorneys' fees and litigation costs.[2]

**E. *Cy Pres* Recipient**

The Settlement Agreement precludes any reversion of any funds to the Defendant; rather, the amount represented by checks payable to Class Members that are not negotiated or that are returned and remain undeliverable after sixty (60) days shall be applied to a *cy pres* fund; the parties have stipulated to The National Consumer Law Center ("NCLC") as the *cy pres* recipient in this matter.[3]

**F. Releases.**

Plaintiff's First Amended Complaint (Dkt. 23) alleged, *inter alia*, that Defendant violated the Fair Credit Reporting Act by: (i) Including extraneous language in the authorization form it required employment applicants to sign authorizing a background check, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i); and, (ii) failing to provide prospective employees with a copy of the consumer report and failing to provide a written statement of his or her rights under the FCRA prior to taking adverse action against him or her, in violation of 15 U.S.C. §§ 1681b(b)(3)(A)(i) & (ii).  At the

---

[2] On June 22, 2020, Plaintiff filed his Consent Motion for Attorneys' Fees and Costs and in Support of Service Award for Plaintiff.  (Dkt.60).

[3] The NCLC "traces its roots to President Lyndon Johnson's declaration of a "War on Poverty." Beginning in 1965, the federal Office of Economic Opportunity began funding legal services offices with two main goals: improving the access of poor people to the legal system and enabling advocates to seek justice wherever justice for the poor is needed. Several national support centers were founded, the National Consumer Law Center among them.  Today, NCLC continues to fight for the rights of low-income families and provides many resources to hard working civil legal aid and private attorneys representing low-income consumers. NCLC also works with federal and state policymakers and participates in major litigation across the nation.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

4

**FRANCIS MAILMAN SOUMILAS P.C.**
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

**SMITHMARCO, P.C.**
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1    direction of this Court, on April 14, 2020, the parties submitted a Joint Statement noting revisions

2    to the parties' originally submitted settlement agreement to reflect a release by Class Members of

3    claims limited to Sections 1681b(b)(2)(A)(i) and 1681b(b)(3)(A)(i) & (ii), in conformity with the

4    claims alleged in Plaintiff's First Amended Complaint.  As noted above, Plaintiff's release of

5    Defendant is a general release of all claims he has against Defendant and its affiliates

6                                    IV.    **ARGUMENT**

7            The Ninth Circuit maintains "a strong judicial policy" that favors class action settlements.

8    *Allen v. Bedolla,* 787 F.3d 1218, 1223 (9th Cir. 2015).

9            The approval process for a class action settlement takes place in three stages. *See Churchill*

10   *Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-stage settlement

11   approval process).  On April 17, 2020, this Court made an initial finding that the Class Settlement

12   is fair, reasonable, and adequate and that the requirements of Rule 23(a) appear to be met; pursuant

13   to this Court's Order, notice was sent to the class.  *See* Dkt. No. 54 and Declaration of ALCS,

14   attached hereto as **Exhibit A**. Thus, the first two stages are complete. The Court now must

15   determine whether, in light of all the information learned during the first two stages, final approval

16   is warranted. *See Churchill Vill., L.L.C.*, 361 F.3d at 575.

17           This Court has broad discretion to approve or reject a proposed settlement. *In re Online*

18   *DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review is

19   "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited").

20   When considering a motion for final approval of a class action settlement under Rule 23, a court

21   must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150

22   F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the

23   class as a whole are better served by the settlement than by further litigation." *Manual for Complex*

24   *Litigation* (Fourth) § 21.61 (2015).

25

26

---

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

5

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

A. **The Settlement Classes Should be Certified.**

In its April 17, 2020 Order, this Court found, based on its initial review, that class treatment is appropriate for settlement purposes. (Dkt. 54). For all the reasons set forth herein, this Court should certify the Settlement Classes for purposes of judgment in connection with the Settlement.

1. **The Settlement Classes are Numerous.**

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon*, 150 F.3d at 1019 (quoting Fed. R. Civ. P. 23(a)(1)). Classes with as few as twenty-seven members have been found to be sufficient to meet the numerosity requirement." *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and Trust*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (collecting cases).

Between November 5, 2016 and November 5, 2018, the applicable FCRA statute of limitations, Defendant obtained 275 background reports using an authorization form that attempted to obtain in advance a waiver and release of Plaintiff's and other consumers' rights under the FCRA. Joinder of these individuals is impracticable, and the class is, therefore, sufficiently numerous for certification purposes; therefore, the requirements of Fed. R. Civ. P. 23(a)(1) is met.

2. **Common Questions of Law and Fact Exist.**

"[Q]uestions of law or fact common to the class[es]" exist here, which satisfies the requirements of Fed. R. Civ. P. 23(a)(2). Here, all members of the proposed classes were subjected to DarkTrace's practice of using an authorization form that attempted to obtain in advance a waiver and release of Plaintiff's and other consumers' rights under the FCRA. The question of whether DarkTrace's procedures for procuring consumer reports pertaining to prospective employees were in compliance with the requirements of the FCRA can be answered through reference to common evidence, including a review of DarkTrace's policies and procedures. "Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra v. Bashas', Inc.,* 536 F.3d 975, 978-79 (9th Cir. 2008).

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

6

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1

**3.      Plaintiff's Claims are Typical of Those of the Settlement Classes.**

2      The typicality requirement is satisfied if "the claims or defenses of the representative

3  parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality

4  test asks "whether other members have the same or similar injury, whether the action is based on

5  conduct which is not unique to the named plaintiffs, and whether other class members have been

6  injured by the same course of conduct." *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir.

7  1992) (citation omitted).

8      Plaintiff's claims are typical of those of the class.  Like all other class members, DarkTrace

9  obtained a background report about Mr. Der-Hacopian and used it to evaluate his application for

10  employment after it had extended a conditional offer of employment.  Moreover, like all other

11  proposed class members, DarkTrace required Der-Hacopian to sign an authorization form that

12  contained an express waiver of future liability.  Mr. Der-Hacopian has the very same claim as all

13  class members – that DarkTrace presented him with a non-compliant FCRA authorization form

14  and further took an adverse employment action against him based upon a consumer report without

15  first providing him with notice, a copy of the report, and a statement of FCRA rights.  Thus, the

16  typicality requirement is satisfied.

17      **4.      Class Counsel and Plaintiff are adequate representatives.**

18      Rule 23(a)(4) requires that the class representative and his or her counsel, must "fairly and

19  adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "Legal adequacy is satisfied

20  if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their

21  counsel, and the absent class members; and (2) the named plaintiffs and their counsel will

22  vigorously prosecute the action on behalf of the class." *Hansen v. Ticket Track, Inc.* 213 F.R.D.

23  412, 415 (W.D. Wash. 2003) (citing *Hanlon*, 150 F.3d at 1020); *see also, Lerwill v. Inflight Motion*

24  *Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

25

26

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

7

**FRANCIS MAILMAN SOUMILAS P.C.**
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

**SMITHMARCO, P.C.**
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1   As delineated in Plaintiff's Motion for Order Directing Notice to the Class, Plaintiff and

2   his counsel have vigorously prosecuted this action on behalf of Settlement Class Members, and no

3   conflicting interests exists. *See* Dkt. 47 at pages 14-15.

4       **5.      Common Questions of Law and Fact Predominate.**

5       The predominance requirement of Rule 23(b)(3) necessitates that "the common questions

6   must be a significant aspect of the case that can be resolved for all members of the class in a single

7   adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal

8   quotation marks and alterations omitted). Here, the common issues identified above are not just

9   significant – they are the foundational issues in the case.

10      The superiority requirement of Rule 23(b)(3) is satisfied because individual class members

11  do not have an interest in controlling prosecution of this case, where many of them do not, and

12  cannot know, about potential FCRA claims. Class-wide resolution of these claims, and the

13  provision of the important benefits of the settlement, will provide relief for consumers while

14  promoting efficiency and avoiding the potential of a multiplicity of claims. *See Agne v. Papa*

15  *John's Int'l., Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012) (discussing superiority and finding

16  that multiplicity of small lawsuits seeking statutory damages was less efficient method of

17  adjudicating claim and finding class action mechanism superior).

18      For these reasons, and those delineated in Plaintiff's Motion for Order Directing Notice to

19  the Class, this Court should certify this matter as a class action for settlement purposes.

20      **B.   The Settlement is Fair, Reasonable, and Adequate.**

21      In deciding whether to grant final approval to a class action settlement, courts consider

22  several factors, including: (1) the strength of the Plaintiff's case; (2) the risk, expense, complexity,

23  and likely duration of further litigation; (3) the risk of maintaining class action status throughout

24  the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage

25  of the proceedings; (6) the experience and views of counsel; (7) the presence of a government

26

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT                                                    8
CASE NO. 4:18-CV-06726-HSG

FRANCIS MAILMAN SOUMILAS P.C.        SMITHMARCO, P.C.
1600 Market Street, Suite 2510      55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103        Chicago, IL 60603
Tel: 215.735.8600                  Tel: (312) 546-6539
www.consumerlawfirm.com              www.SmithMarco.com

participant; and (8) the reaction of the class members to the proposed settlement. *Churchill*, 361 F.3d at 575. All of these factors support settlement approval here.

### 1.        The Strength of Plaintiff's case.

Plaintiff continues to believe that he has a very strong case, but also acknowledges a number of obstacles in the way of achieving a successful result through further litigation.

Plaintiff is confident of his ability to certify a class of consumers on contest for his claims under Sections 1681b(b)(2)(A)(i) and 1681b(b)(3)(A)(i) & (ii) of the FCRA. However, Plaintiff is cognizant that even after achieving certification, Plaintiff would need to establish liability on the merits for both claims. Moreover, Plaintiff anticipates that the issues would center on whether DarkTrace acted "willfully," affecting the availability of statutory and punitive damages.

The time and expense to try those issues would be considerable. While Plaintiff is confident that he could prove his case, including with respect to willfulness, the risks were significant enough to convince Plaintiff and his counsel that the Class Settlement outweighs the risk and expense of further litigation.

### 2.        The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

If this action were to proceed, litigation would likely be both lengthy and expensive. The parties would need to undertake additional merits discovery, including depositions, and would likely engage in dispositive motion practice. Furthermore, in the absence of the parties' Class Settlement, the parties would incur very significant expenses in preparing for, and participating in, a trial of this action.

Moreover, the parties would have to delve into the complexity of willfulness issues. For Plaintiff to obtain statutory or punitive damages for the Class, he would have to prove that Defendants' conduct was willful. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007) (willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

9

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1    careless.").  The time and expense to investigate those issues would not be inconsiderable.

2          Finally, it could be expected that Defendant would appeal any decisions in Plaintiff's

3    favor, including seeking review of any class certification decision under Fed. R. Civ. P. 23(f).

4    Such appeals would ensure that Settlement Class Members would not receive any relief for years.

5    There is a significant advantage to receiving a benefit now as opposed to later. *See Officers for*

6    *Justice v. Civil Service Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Marshall v.*

7    *Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

8          **3.      The Risk of Maintaining Class Action Status through Trial.**

9          Class certification always poses a risk and often involves a prolonged and expensive battle

10   of experts in connection with certification, merits, and damages issues.  If Plaintiff was unable to

11   certify a class, the case would effectively be over, and Class Members would receive nothing.

12   Although the Court was not asked to consider a contested class certification motion, had the case

13   not settled, Defendants would have vigorously disputed that certification of the class was

14   appropriate in this case.  Although Plaintiff believes he would have been successful in seeking to

15   certify a class, Defendant likely would have argued that certification is not appropriate under

16   Rule 23.  For example, Defendants would have argued that the Class is not ascertainable or that

17   Plaintiff would not be able to demonstrate damages.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564

18   U.S. 338, 351, 131 S. Ct. 2541, 2552 (2011) (requiring "rigorous analysis" to ensure requirements

19   of "Rule 23(a) have been satisfied"); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013)

20   (same).

21         **4.      The Amount Offered in Settlement.**

22         The Settlement Agreement requires DarkTrace to pay $300 to each Class Member, and if

23   approved by this Court, Plaintiff, Mr. Der-Hacopian, will receive an individual settlement and

24   service award of $15,000, Class Counsel will be paid $150,000 for compensation of their

25   attorneys' fees and costs, and the Settlement Administrator will be paid fees and costs of

26   approximately $15,000

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

10

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

The payment to Class Members of $300 is within the range of statutory damages provided for under the FCRA, of $100-$1,000. *See* 15 U.S.C. § 1681n(a)(1)(A) and is in line with other similar FCRA class settlements. *See, e.g. Giddiens v. Infinity Staffing Sols., Inc.*, 2:13-cv-07115-LDD, ECF 37 (E.D. Pa. Aug. 21, 2015) (granting final approval of settlement providing $110 for each member of the section 1681b(b)(2) class); *Crosby v. Core-Mark Distributors, Inc.*, No. 1:15-cv-04198-SCJ-JFK, ECF 47 (N.D. Ga. Apr. 16, 2018) (granting final approval to settlement providing $300 to class members with claims under both FCRA section 1681b(b)(2), *and* 1681b(b)(3)).

Furthermore, all Class Members and prospective employees of DarkTrace will benefit from the Class Settlement because of the substantial practice changes being instituted by DarkTrace, the result of the settlement negotiated by Plaintiff with Darktrace.

### 5. The Extent of Discovery Completed and the Stage of Proceedings.

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.*, No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 5, 2012). This case settled only after the parties had engaged in discovery that revealed the potential strengths and weaknesses of Plaintiff's case and the viability of class certification. Though the parties ultimately reached a resolution, they did so notwithstanding reaching an impasse at mediation and only after continued settlement discussions after the mediation and with continued additional assistance from the mediator. Plaintiff agreed to settle only because the Class Settlement provides an excellent result for Class Members by ensuring the recovery of compensation without the need to submit a claim and ensuring fundamental practice changes that serve to benefit all prospective employees to Defendant. As such, the experience of counsel supports final approval.

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, counsel for Plaintiff are highly experienced class

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT                    11
CASE NO. 4:18-CV-06726-HSG

FRANCIS MAILMAN SOUMILAS P.C.          SMITHMARCO, P.C.
1600 Market Street, Suite 2510         55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103              Chicago, IL 60603
Tel: 215.735.8600                        Tel: (312) 546-6539
www.consumerlawfirm.com                    www.SmithMarco.com

1  action litigators. Dkt. No. 47 at pp. 15-16; Dkt. No. 60, Appendix 1, Appendix 2; Class Counsel

2  believe the proposed settlement is fair, reasonable, adequate, and in the best interest of the Classes.

3  **6.    The Presence of a Governmental Participant.**

4  The Class Action Fairness Act ("CAFA") requires: "Not later than 10 days after a proposed

5  settlement of a class action is filed in court, each defendant that is participating in the proposed

6  settlement shall serve upon the appropriate  State official of each State in which a class member

7  resides and the apricate Federal official, a notice of the proposed settlement..."  28 U.S.C. §

8  1715(b).

9  CAFA further states: "An order giving final approval of a proposed settlement may not be

10  issued earlier than 90 days after the later of the dates on which the appropriate Federal official and

11  the appropriate State official are served with the notice required under subsection (b)."  28 U.S.C.

12  § 1715(d).

13  Frustratingly, Plaintiff has been informed that, as of the date of filing of the present motion,

14  Defendant has not fulfilled its statutory obligation to send the CAFA Notice.  To remedy this

15  oversight, Defendant is currently working with ALCS to ensure that the CAFA notice is sent

16  expeditiously.

17  Notwithstanding Defendant's efforts to rectify the failure to send the CAFA notice, the

18  tardy sending of the CAFA notice obviously impacts this Court's ability to enter an Order of final

19  approval of the parties' Class Settlement.  As noted above, the Court must wait at least 90 days

20  after the CAFA notice has been served on the appropriate Federal and State officials before it can

21  enter a final approval order.

22  Presently, the final fairness hearing, and the hearing on Plaintiff's motions for attorneys'

23  fees and costs and for an individual settlement and service award to Plaintiff are scheduled to

24  proceed on September 10, 2020 at 2:00 p.m.  Moving the hearing to a date 90 days in advance of

25  the CAFA notices having been served would certainly serve to obviate the present issue of tardy

26  notice.  However, moving the final fairness hearing would require notice of the hearing being re-

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

12

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1    sent to each of the class members and would unnecessarily impose on the Court to move the

2    previously scheduled hearing.

3            Another option to obviate the failure to provide the CAFA notice would be to proceed with

4    the final fairness hearing on September 10, 2020 as scheduled.  As previously noted, no Class

5    Member has opted out of the Class Settlement and no-one has objected to the Class Settlement or

6    the Consent Motion for attorneys' fees and costs and for an individual settlement and service award

7    to Plaintiff.  As such, the Court could conduct the final fairness hearing and conduct the hearing

8    on the motion for attorneys' fees and costs and for an individual settlement and service award to

9    Plaintiff as scheduled on September 10, 2020 but reserve entry of the final approval order pending

10   the expiration of the 90 day period mandated by CAFA, section 1715(d).  Thereafter, the parties

11   could submit a status report to the Court apprising the Court whether any Federal or State official

12   responded to the CAFA notice, and if so, when, how and why.  If no response to the CAFA notice

13   has been received after 90 days, the parties can apprise the Court as such in the status report and

14   at that time request that the Court enter the final approval order.[4]

15           Obviously, the parties defer to the preference of the Court in this regard.

16           **7.        The Reaction of Settlement Class Members.**

17           The reaction of Class Members to the Class Settlement has been universally positive, with

18   no objections and no opt-outs, which supports final approval. *See Pelletz*, 255 F.R.D. at 543-44;

19   *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr.

20   25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence

21   of a large number of objections to a proposed class action settlement raises a strong presumption

22   that the terms of a proposed class settlement action are favorable to the class members").

23

24

_____

25   [4]  Compliance with CAFA was satisfactory, where court held its decision on final approval of the class action settlement in abeyance until the statutory 90-day expiration date had passed and had received no objections or requests for hearings from any relevant authority. *In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 249 (E.D. Pa.

26   2012)

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

**FRANCIS MAILMAN SOUMILAS P.C.**
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

**SMITHMARCO, P.C.**
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

**C.  Settlement Class Members Received the Best Notice Practicable.**

In directing notice to Settlement Class Members, this Court determined that the proposed notice program in this case is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." (Dkt. 54, page 15, citing to *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019).  This Court further found that the content of the parties' proposed notices provided sufficient information about the case and thus conforms with due process requirements. (Dkt. 54). This notice program was fully implemented by the Settlement Administrator, ALCS.   *See* Declaration of ALCS, attached hereto as **Exhibit A**.

The class notice and notice process approved by this Court and implemented by ALCS adequately informed Class Members of the nature of the action and these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of a class settlement under Federal Rule of Civil Procedure 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

The notice program successfully reached Settlement Class Members. ALCS calculates that notice has reached over 93 percent of Settlement Class Members. *See* Declaration of ALCS, attached hereto as **Exhibit A**, ¶6.

**D.  Plaintiff's Request for Attorneys' Fees & Costs**

On June 22, 2020, Plaintiff filed his Consent Motion for Attorneys' Fees and Costs.  (Dkt. 60).  No class member has objected to Plaintiff's request for attorneys' fees and costs.

**E.  Plaintiff's Request for Individual Settlement and Service Award Should be Granted.**

On June 22, 2020, Plaintiff filed his Consent Motion in Support of Service Award.  (Dkt. 60).  No class member has objected to the request for Plaintiff's individual settlement and service award.

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

1

V.    **CONCLUSION**

2

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant final

3
approval of the parties' Class Settlement as fair, reasonable, and adequate, certify the proposed

4
Class for settlement purposes, approve the proposed *cy pres* recipient and enter final judgment in

5
this case.

6

RESPECTFULLY SUBMITTED AND DATED this 24th day of August, 2020.

7

                              **SMITHMARCO, P.C.**

8

                    By:    /s/ David M. Marco

9

                           David M. Marco, *Admitted Pro Hac Vice*

10
                           Email: dmarco@smithmarco.com
                           55 West Monroe Street, Suite 1200

11
                           Chicago, IL 60603

12
                           Telephone:    (312) 546-6539
                           Facsimile:    (888) 418-1277

13
                           **FRANCIS MAILMAN SOUMILAS P.C.**

14

                    By:    /s/ James A. Francis

15
                           James A. Francis, *Admitted Pro Hac Vice*
                           Email: jfrancis@consumerlawfirm.com

16
                           Lauren KW Brennan, *Admitted Pro Hac Vice*
                           Email: lbrennan@consumerlawfirm.com

17
                           1600 Market Street Suite 2510

18
                           Philadelphia, PA 19103
                           Telephone:    (215) 735-8600

19
                           Facsimile:    (215) 940-8000

20

                           **TATAR LAW FIRM, APC**

21

                    By:    /s/ Stephanie R. Tatar

22
                           Stephanie R. Tatar (237792)
                           Email: stephanie@thetatarlawfirm.com

23
                           3500 West Olive Avenue, Suite 300

24
                           Burbank, California 91505
                           Telephone:    (323) 744 1146

25
                           Facsimile:    (888) 778-5695

26

                           *Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 4:18-CV-06726-HSG

15

FRANCIS MAILMAN SOUMILAS P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Tel: 215.735.8600
www.consumerlawfirm.com

SMITHMARCO, P.C.
55 W. Monroe St. Suite 1200
Chicago, IL 60603
Tel: (312) 546-6539
www.SmithMarco.com

**<u>CERTIFICATE OF SERVICE</u>**

1

2      I, David Marco, hereby certify that on August 24, 2020, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to the following:

5

6           Michele B. Miller
            Email: mbmiller@cozen.com
7           COZEN O'CONNOR
            101 Montgomery Street, Suite 1400
8           San Francisco, CA 94104
            Telephone:     415-262-8301
9           Facsimile:      415-671-6589

10
            *Attorneys for Defendant*
11

12      DATED this 24th day of August, 2020.

13                                  **SMITHMARCO, P.C.**

14                          By:   */s/ David M. Marco*   _____

15                                  David M. Marco, *Admitted Pro Hac Vice*
                                    Email: dmarco@smithmarco.com
16                                  55 West Monroe Street, Suite 1200
                                    Chicago, IL 60603
17                                  Telephone:    (312) 546-6539
                                    Facsimile:     (888) 418-1277
18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT                            16
CASE NO. 4:18-CV-06726-HSG

**FRANCIS MAILMAN SOUMILAS P.C.**     **SMITHMARCO, P.C.**
1600 Market Street, Suite 2510        55 W. Monroe St. Suite 1200
Philadelphia, Pennsylvania 19103      Chicago, IL 60603
Tel: 215.735.8600                     Tel: (312) 546-6539
www.consumerlawfirm.com               www.SmithMarco.com